UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Case No.: 1:20-cv-05845
ARLENA CAMILLE,

                Plaintiff,     **COMPLAINT**

       -against-

                                                                                  Plaintiff Demands a
CANARSIE BURGERS, L.L.C., individually             Trial by Jury
and d/b/a "BURGER KING," and DEXTER ANDERSON,
individually,

                Defendants.
-----------------------------------------------------------------------X

Plaintiff, by and through her attorneys, Phillips & Associates, PLLC, upon information and belief, complains of Defendants as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"), and to remedy violations of the Executive Law of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by the Defendants on the basis of her actual and/or perceived disability, together with failure to engage in the interactive process and/or cooperative dialogue, creating a hostile work environment, retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §2000e *et seq.*, 28 U.S.C. §1331, § 1343, and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

1

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about September 17, 2020, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. On or about September 22, 2020, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff is a 32-year old female resident of the State of New York, County of Kings.

9. At all times material, Defendant CANARSIE BURGERS, L.L.C. individually and d/b/a "BURGER KING" (hereinafter also referred to as "BURGER KING") was and is a foreign limited liability company duly existing under the laws of the State of New York.

10. At all times material, Defendant BURGER KING was and is a franchise fast food restaurant with numerous locations across the United States and internationally.

11. At all times material, Defendant DEXTER ANDERSON (hereinafter also referred to as "ANDERSON") was and is a resident of the State of New York.

12. At all times material, Defendant ANDERSON is and was the "General Manager" at Defendant BURGER KING.

13. At all times material, Defendant ANDERSON was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

14. Defendant BURGER KING and Defendant ANDERSON are hereinafter collectively referred to as "Defendants."

15. At all times material, Plaintiff was an employee of Defendants.

## **MATERIAL FACTS**

16. In or around October 2019, Plaintiff was involved in a severe car accident and she incurred injuries to her hip and back.  That same month, Plaintiff underwent a hip replacement surgery.

17. In or around the first week of January 2020, Plaintiff's brother, Abdullah Fitzpatrick, told Plaintiff that Defendants were looking to hire a "Part-time Cashier" at their 1776 Rockaway Parkway, Brooklyn NY 11236 location.  At the time, Mr. Fitzpatrick worked as one of the lower-level "Managers" at that location, and he had recommended Plaintiff to Defendant ANDERSON for an in-person interview.

18. A few days later, Plaintiff arrived at Defendants' restaurant for her interview with Defendant ANDERSON.  At the time, Plaintiff was walking with a cane because the sidewalks were icy and she was still recovering from the October 2019 hip replacement surgery.

19. At the beginning of the interview, Defendant ANDERSON stared at Plaintiff's cane and asked, "Why do you use a cane?"  Plaintiff explained, "I had a hip replacement in October 2019, so I still need to use it every once in a while.  But I have no problem working."

20. At the end of the interview, Defendant ANDERSON hired Plaintiff for the "Cashier" position, with a start date of early March 2020.

21. In the meantime, on about February 22, 2020, Plaintiff stopped needing and/or using a cane. Plaintiff continued to attend weekly physical therapy sessions.

22. On or about March 3, 2020, Plaintiff began working for Defendants as a "Cashier."  Plaintiff's duties included greeting customers, ringing up food purchases, and handling money.

23. At all times material, Plaintiff performed the duties of her position without issue.  However, Plaintiff's back was slightly bent due to an injury she incurred during the accident, and she appeared "disabled."  However, the injury did not impair her ability to work as a "Cashier."

24. Despite hiring her for the position, Defendant ANDERSON began to harass Plaintiff based on her actual and/or perceived disability relating to her back.

25. For example, on a daily basis, Defendant ANDERSON would stare at Plaintiff's back and ask her, "Are you in pain? You look like you're in pain."   Each time, Plaintiff explained that she was not in pain and that she could work.

26. On or about March 21, 2020, Defendant ANDERSON approached Plaintiff and stated, "You look like you're in pain all the time.  **I think you need to take time to heal**."  Plaintiff again reassured Defendant ANDERSON that she was able to work, and she completed her shift without issue.

27. However, one (1) week later, despite Plaintiff's repeated assurances about her ability to work, Defendant ANDERSON unilaterally decided that Plaintiff was "too disabled" to work, and took Plaintiff off the schedule.

28. Plaintiff repeatedly contacted Defendant ANDERSON to inquire as to the reason why she was taken off the schedule and/or whether she was terminated.  Defendant ANDERSON did not respond to any of her calls.

29. Defendants took Plaintiff off the schedule because they perceived her as "too disabled" to work.

30. In or around the third week of April 2020, Plaintiff again telephoned Defendant ANDERSON and asked, "Would you be able to put me back on the schedule?"  Defendant ANDERSON replied, "**You should come back to work in the summer, when you are fully healed**.  But I

am going to get in contact with 'Mike' (last name currently unknown) at the "Bedford" (Defendant BURGER KING) location, to see if they need a cashier."

31. On or about April 25, 2020, Defendant ANDERSON sent Plaintiff a text message asking her to meet with Mike at Defendant BURGER KING's 1727 Bedford Ave, Brooklyn, NY 11225 location.  Although she wanted to continue working in her current position, Plaintiff realized that Defendant ANDERSON did not want her to continue working there because of her "disabled" appearance.  Nevertheless, Plaintiff agreed to go to the interview because she needed a job.

32. A few days later, Plaintiff interviewed with Mike at Defendant BURGER KING's "Bedford Avenue" location.  Mike stared at Plaintiff and coldly asked, "Why do you walk like that?" Plaintiff replied, "I had hip replacement surgery last year, but I can work."  Mike then replied, "[Defendant ANDERSON] never told me about this…"

33. At the end of the interview, Mike coldly stated, "Unfortunately, I can't hire you."

34. To date, Defendants have not called Plaintiff back to work.

35. Defendants terminated Plaintiff because of her actual and/or perceived disability.

36. Defendants terminated Plaintiff because of her current and/or potential need for a reasonable accommodation.

37. Defendants terminated Plaintiff because they did not intend to provide her with a reasonable accommodation.

38. Defendants failed to engage in the interactive process and/or cooperative dialogue.

39. As a result of Defendants' actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

40. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

42. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

43. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages.

## AS A FIRST CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
### DISCRIMINATION
### (Not Against The Individual Defendant)

44. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. Plaintiff claims the Defendant violated Title I and V of the Americans with Disabilities Act of 1990 (Publ. L. 101-336) as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101. Sec. 12112 specifically states:

(a) General Rule- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

46. Defendant BURGER KING violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## UNDER THE ADA
## <u>RETALIATION and INTERFERENCE</u>
## <u>(Not Against the Individual Defendant)</u>

47. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

48. Sec. 12203 of the ADA. Prohibition against retaliation and coercion provides as follows:

    (a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    (b) Interference, coercion, or intimidation: It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

49. Defendant BURGER KING violated Plaintiff's above rights as set forth herein.

## AS A THIRD CAUSE OF ACTION
## UNDER THE NYSHRL
## <u>DISCRIMINATION</u>

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. Executive Law §296 provides, "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's actual or perceived… disability… to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

7

52. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her actual and/or perceived disability, together with creating a hostile work environment and wrongful termination.

53. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law §296.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NYSHRL
## RETALIATION

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

56. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to her employer's unlawful employment practices and needing and requesting a reasonable accommodation.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NYSHRL
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York State Executive Law §296(3)(a) provides:

> "It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to

8

> provide reasonable accommodations to the known disabilities of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program."

59. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff for her actual and/or perceived disability, together with failure to engage in the interactive process and/or cooperative dialogue, creating a hostile work environment and unlawful termination.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NYCHRL
## DISCRIMINATION

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. The Administrative Code of City of New York, Title 8, §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee of agent thereof, because of the actual or perceived … disability… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

62. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of her actual and/or perceived disability, together with failure to engage in the interactive process and/or cooperative dialogue, creating a hostile work environment, retaliation and unlawful termination.

### AS A SEVENTH CAUSE OF ACTION
### UNDER THE NYCHRL
### <u>RETALIATION</u>

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

65. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because she opposed Defendants' unlawful employment actions and needed and requested a reasonable accommodation.

### AS AN EIGHTH CAUSE OF ACTION
### UNDER THE NYCHRL
### <u>FAILURE TO PROVIDE A REASONABLE ACCOMMODATION</u>

66. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. The Administrative Code of the City of New York §8-107(15)(a) provides:

> "[A]ny person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

68. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(15)(a) by failing to provide a reasonable accommodation, and by failing to engage in the interactive process.

10

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in an unlawful discriminatory practice prohibited by the ADA, the NYSHRL and the NYCHRL, and that the Defendants harassed and discriminated against Plaintiff on the basis of her actual and/or perceived disability, together with failure to engage in the interactive process and/or cooperative dialogue, creating a hostile work environment, retaliation and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendant' unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: December 2, 2020
      New York, NY

By: _____
**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*
Silvia C. Stanciu, Esq.
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431

12