**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
*A PROFESSIONAL LIMITED LIABILITY COMPANY*

January 8, 2021

**Via ECF**
Honorable Judge Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re: Arlena Camille v. Canarsie Burgers L.L.C. et al.**
      **Case No.: 1:20-cv-02001-BMC**

Dear Judge Cogan:

  The parties jointly submit this letter pursuant to Your Honor's Individual Rules of Practice and December 3, 2020 Order, in advance of the parties' January 14, 2021 Initial Pre-Trial Conference.

  **1. Brief statement of the Nature of the Action**

   a. Plaintiff's Statement

  Arlena Camille ("Plaintiff") brings claims against her former employers, Canarsie Burgers L.L.C. individually and d/b/a "Burger King," and Defendant Dexter Anderson (collectively, "Defendants") for discrimination on the basis of her actual and/or perceived disability, together with failure to engage in the interactive process and/or cooperative dialogue, creating a hostile work environment, retaliation, and unlawful termination. Plaintiff alleges violations of federal statute Americans with Disabilities Act, as amended, 42 U.S.C. 12101 et seq. ("ADA"). This Court also has supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims.

  In or around January 2020, Plaintiff interviewed with Defendant Anderson for a "Part-time Cashier" position at Defendants' fast food restaurant. Plaintiff arrived using a cane because the sidewalks were icy and she was still recovering from an October 2019 hip replacement surgery. However, Plaintiff was able to work, and Defendant Anderson hired her for the "Cashier" position with a start date of early March 2020. Although Plaintiff's back was slightly bent due to a prior injury, she was able to perform her duties without issue. However, Defendant Anderson perceived her as disabled and routinely asked her whether she was "in pain." Plaintiff assured Defendant

Anderson that she could work without issue.  On or about March 21, 2020, Defendant Anderson told Plaintiff, "You look like you're in pain all the time.  I think you need to take time to heal.  The following week, despite Plaintiff's assurances, Defendant Anderson unilaterally took Plaintiff off the schedule.  Defendant Anderson failed to respond to any of Plaintiff's inquiries as to the reason why she was taken off the schedule and/or whether she was terminated.  In or around the third week of April 2020, Defendant Anderson told Plaintiff that she could not return to work for Defendants until she was "fully healed."  Defendants did not want to work with Plaintiff because of her "disabled" appearance.  To date, Defendants have not called Plaintiff back to work, and she was effectively terminated.

      b.  Defendants' Statement

Defendants Canarsie Burgers, LLC ("Canarsie Burgers") and Dexter Alexander ("Alexander"), incorrectly pled as Dexter Anderson, deny any liability to Plaintiff under the ADA, NYSHRL, NYCHRL or any other statute or common law theory.  Defendants maintain that Plaintiff's claims are unsupported and disproven by the facts.

Plaintiff worked for a total of four days as a Food Handler, at the subject Burger King franchise restaurant (the "Restaurant").  Defendant Alexander, the Restaurant's General Manager, hired Plaintiff.  Food Handlers have responsibilities that include operating cash registers, preparing food, and cleaning areas of the Restaurant, functions that require being mobile, moving about the Restaurant, and physical demands such as being able to lift and bend.  During her first two days working at the Restaurant, March 4 and 5, 2020, Plaintiff visibly experienced pain that rendered her unable to stand for any lengthy period of time, required that she sit for significant amounts of time, and consequently caused her to end her work day before her shift was over.  Although Plaintiff was scheduled to work the next day, March 6, 2020, she sent Alexander a text message that afternoon, before her shift was to start, advising him that she was unable to work that day.  Plaintiff was next scheduled to work on March 9 and 10, 2020.  However, on March 9, 2020, shortly after her shift was to start, she sent Alexander a text message, attaching a doctor's note which stated that she was unable to work that day or the next, due to "medical problems."

Plaintiff thereafter worked two days, on March 11 and 12, 2020, with her physical condition still demonstrably interfering with her ability to work and causing her pain and discomfort.  She advised Alexander on Thursday, March 12, 2020, that she was going to see her doctor in two days.  Plaintiff was scheduled to work the next day, March 13, 2020.  However, she never appeared for work that day, she never called to advise that she would not be able to work that day, and she thereafter did not contact Defendants until April 25, 2020, approximately six weeks later, about any desire or ability to return to work.  Well before that, Defendants understood and considered her to have abandoned her employment. The Restaurant further had no available shifts at the time Plaintiff sought to return in late April 2020.

Putting aside issues as to whether Plaintiff was able to perform the essential functions of her job, even with a reasonable accommodation, she never requested any accommodation during the four days she worked at the Restaurant, and she then abandoned her job.

**2. Any Contemplated Motions**

<u>As to Plaintiff</u>

Plaintiff does not anticipate making any motions at this juncture.

<u>As to Defendants</u>

Defendants anticipate filing a motion for summary judgment following the conclusion of non-expert discovery.

We thank Your Honor for Your attention to this matter.

Respectfully submitted,

**Phillips & Associates, PLLC**
*/s/ Silvia C. Stanciu, Esq.*
Silvia C. Stanciu, Esq.

cc: Lance Olitt, Esq., *Attorneys for Defendants Canarsie Burgers L.L.C. and Dexter Anderson, individually* (Via ECF).