UNITED STATES DISTRICT COURT                                        C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  ARLENA S. CAMILLE,                               :
                                                   :
                                                   :   **MEMORANDUM DECISION AND**
                        Plaintiffs,                :   **ORDER**
                                                   :
           - against -                             :   20-cv-5845 (BMC)
                                                   :
                                                   :
  CANARSIE BURGERS LLC and DEXTER                  :
  ANDERSON,                                        :
                                                   :
                        Defendants.                :
----------------------------------------------------------- X

**COGAN**, District Judge.

In this employment discrimination case, plaintiff's counsel sought to withdraw from representation on April 7, 2021, because she had been unable to reach her client since March 16, 2021, despite multiple attempts at communication and in the middle of discovery. On April 28, having received no objection from plaintiff, I conditionally granted the motion to withdraw, conditioned on plaintiff's counsel serving a copy of my Order, filing proof of such service, and providing plaintiff's address so that it could be added to the docket. I ordered plaintiff to have new counsel appear or advise that she intends to proceed *pro se* by May 28, and warned that if plaintiff does neither, the case will be dismissed as abandoned. After counsel satisfied the conditions, I granted the motion to withdraw on April 30.

Plaintiff did not respond to the Court's Order. On June 1, I issued a second Order, directing plaintiff to show cause by June 28 why this action should not be dismissed as abandoned, and noting that continued failure to contact the Court may result in dismissal of this action. Plaintiff has not contacted the Court.

"The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." Lopez v. Smurfit-Stone Container Enter., Inc., 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013) (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).

Each factor weighs in favor of dismissal here. First, this case has been delayed for nearly four months due to plaintiff's failure to prosecute the case. See Lopez v. Catholic Charities of Archdiocese of N.Y., 2001 WL 50896, at *3–4 (S.D.N.Y. Jan. 22, 2001) (dismissing action where plaintiff failed to advance claim for three months and failed to respond to court orders). Second, the Court has issued two notices to plaintiff regarding the risk of dismissal; further attempts to warn plaintiff would be futile due to her inaccessibility. See Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). Third, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." Id. at 630 (collecting cases). Fourth, although plaintiff has an important right to be heard, she has demonstrated little interest in prosecuting the case. "It is not an efficient use of the Court's or [defendant's] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Davison v. Grillo, No. 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). Fifth, lesser sanctions would be futile because plaintiff is neither in communication with the Court nor responding to its orders. See Caussade, 293 F.R.D. at 631.

Accordingly, this action is dismissed for plaintiff's failure to prosecute.

**SO ORDERED.**

_____
Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
July 7, 2021